In The United States District Court For The Middle District For The Northern Division Of Alabama

RECEIVED
2007 JUL 10 A 9:50
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Barry Randall Thomas,
Plaintiff, Pro Se.

V.

Dr. Darbouze, M.D. in his individual and official capacities as doctor for Prison Health Services at Easterling Correctional Facility;
Nurse Wilson, R.N. in her individual and official capacities as Director of Nursing for Prison Health Services at Easterling Correctional Facility;
Mr. Davenport, Warden in his individual and official capacities as Warden for the Alabama Dept. of Corrections at Easterling Correctional Facility.
Defendants.

Complaint

Civil Action

No. 2:07CV630-MEF

Jury Trial Demanded

## I. COMPLAINT

1. Plaintiff, Barry Randall Thomas, pro se, for his complaint states as follows:

1/13

## II. JURISDICTION

2. This Court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. #1331 and 1343(a)(3). This Court has jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. #1367. This is a civil action authorized by 42 U.S.C., Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

## III. VENURE

3. The U.S. District Court for the Middle District for the Northern Division of Alabama is an appropriate venue under 28 U.S.C. #1391(b)(2) because a substantial part of the events or omissions giving rise to the

2/13

claims occured in this district.

## IV. PLAINTIFF

4. Plaintiff, Barry Randall Thomas, A.I.S. No. 178628 is and was at all times mentioned herein a prisoner of the state of Alabama in the custody of the Alabama Department of Corrections. He is currently confined in Easterling Correctional Facility (E.C.F.) in Clio, AL.

## V. DEFENDANTS

5. Defendant, Dr. Darbouze, M.D. is an employee of Prison Health Services (P.H.S.) and medical director at E.C.F.

6. Defendant, Ms. Wilson, R.N. is an employee of P.H.S. and Director of Nursing (D.O.N.) at E.C.F.

7. Defendant, Mr. Davenport is the warden of E.C.F.. He is legally responsible for the operation of E.C.F. and for the welfare of all the inmates of E.C.F..

8. Each defendant is sued individually and in his/her official capacity. At all times relevant to

THE EVENTS DESCRIBED HEREIN, ALL THE DEFENDANTS HAVE ACTED UNDER COLOR OF STATE LAW. ALL DEFENDANTS CONTINUE TO ACT UNDER COLOR OF STATE LAW.

## VI. PREVIOUS LAWSUITS

9. PLAINTIFF HAS FILED NO OTHER LAWSUITS DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO HIS IMPRISONMENT.

## VII. FACTUAL ALLEGATIONS

### (A) SERIOUS MEDICAL NEED

10. PLAINTIFF WENT TO HEALTH CARE FACILITY AT BULLOCK PRISON WITH BACK PAIN IN ABOUT 94-95 AND HAS CONTINUED WITH THE PROBLEM. ON NOV. 6th 2005 HE COMPLAINED OF INTOLERABLE ACUTE, EXTREME AND CHRONIC BACK PAIN RADIATING LIKE ELECTRICITY INTO HIS LEGS TO THE HEALTH CARE UNIT (H.C.U.). HE REPORTED THE PAIN INTERFERED WITH HIS SLEEP, REST, WALKING, EATING, DRESSING, BATHING, EXERCISE, AND DEFECATION/URINATION. SINCE THEN HE HAS SUBMITTED SEVERAL "SICK CALL" SLIPS ANNOTATING CONTINUING SIGNS AND SYMPTOMS. HIS CONDITION

DIGRESSED BY JUNE TO THE EXTENT OF INABILITY TO WALK WITHOUT ASSISTANCE. SINCE HE HAS BEEN "ASSISTED" BY AND "CARRIED" BY OTHER INMATES IN AND OUT OF THE DORM IN CLEAR VIEW OF ALL. HE HAS MANDATED AND UTILIZED A WHEELCHAIR, A CRUTCH, A BROOM AND MOP TO AMBULATE. THE PLAINTIFF NOW IS UNABLE TO SIT IN A CHAIR, CANNOT STAND WITHOUT AN AID; AND HAS A GROSSLY CONTORTED BODY CONFIGURATION OBVEOUSLY ABNORMAL.

### (B) Substantial Risk of Serious Harm

11. PLAINTIFF HAS AND IS NOW ASSISTED BY UNTRAINED INMATES TO AMBULATE OR UTILIZES A MOP AS A CRUTCH; HANGS ON A SHOWER HOOK (FOR CLOTHES) TO DRESS; LEANS ON A WALL TO BATHE AND IS DEPENDANT UPON OTHERS TO ACCOMPLISH DAILY ACTIVITIES OF LIVING.

### (C) Deliberate Indifference

12. DR. DARBOUZE SAW PLAINTIFF AT H.C.U. SEVERAL TIMES AND READ SICK CALL SLIPS AND HEARD GRIEVANCES FROM PLAINTIFF. DARBOUZE HAS INDICATED THAT THE PLAINTIFFS CONDITION IS "NORMAL" PAIN AND WILL WORSEN WITH AGE AND NOTHING MORE

THAN MOTRIN AND FLEXERIL CAN BE DONE.

13. NURSE WILSON HAS SEEN THE PLAINTIFF AT H.C.U., AND RECIEVED HIS GRIEVANCE AND SPOKEN TO HIM ABOUT HIS CONDITION.

14. WARDEN DAVENPORT HAS RECIEVED A "REQUEST SLIP" FROM THE PLAINTIFF MAKING HIS CONDITION KNOWN.

15. ON MANY OCCASSIONS, NUMEROUS OFFICERS HAVE COMMENTED CONCERNING THE PLAINTIFF'S OBVEOUS DISTRESS AND INABILITY TO AMBULATE. TO EFFECT (a) OFFICERS HAVE SUGGESTED HE GO TO H.C.U. (b) C.O. DRAKE SUGGESTED HE TALK TO LT. (c) BAILY SYMPATHIZED WITH HIS NEED FOR HELP (d) LT. LAWSON ADVISED HIM TO WRITE WARDEN (e) LT. LEE HAS MADE A POINT TO COME INTO E2 DORM AND ASK IF PLAINTIFF HAS EATEN AND IF NOT ARRANGED FOR A WHEELCHAIR OR OTHER INMATES TO CARRY PLAINTIFF TO CHOW HALL. PLAINTIFF FREQUENTLY ARRIVES LATE TO CHOW, H.C.U., PILL CALL, AND OTHER ACTIVITIES DUE HIS ACUTE AND CHRONIC PAIN.

16. A CRUTCH WAS ISSUED TO PLAINTIFF FOR TWO WEEKS THEN TAKEN AWAY LEAVING HIM UNABLE TO AMBULATE AGAIN.

Plaintiff was refused a wheelchair profile and the chair was taken from him despite officers and nurses procuring a chair at times when he could not return to the dorm without it.

17. On June 21, 2007 the Plaintiff was called to Admin where he spoke to Capt. Knox who in effect said Dr. Darbouze and H.C.U. confirmed nothing was wrong with him; no crutch, wheelchair, inmate or other assistance would be provided him; to get back to the dorm best way he could and okay if plaintiff illicited inmates help. Davenport said in effect nothing was wrong with him and that he was fine as long as he remained clean shaven and in dress compliance. Mr. Mitchel from mental health was present and Nurse Wilson.

18. Upon information and belief, notes following on 6-18-07 Lt. Lee called H.C.U. and Nurse Wilson told Lee to effect "nothing is wrong with Barry Thomas and on 6-20-07 C.O. Anthony called H.C.U. and to effect Anthony told

BY WILSON "GET TO CHOW WITH INMATES HELP AND THOMAS CANNOT HAVE A WHEELCHAIR AND THEN COME TO SICK CALL". ON 6-11-07 ABOUT 9 AM OFFICER GOVAN ACKNOWLEDGED NEED FOR WHEELCHAIR AND ATTEMPTED TO PROCURE ONE WHILE PLAINTIFF LAY ON GROUND AT PILL CALL. ABOUT 11:20 C.O. GIBSON PROCURED WHEELCHAIR FROM H.C.U. SO PLAINTIFF GET TO CHOW. 6-18-07 NURSE SHEHAN WAS TOLD BY DARBOUZE PLAINTIFF DOESN'T NEED WHEELCHAIR OR CRUTCH.

## VIII. CAUSATION

19. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE HIS ALLEGATIONS IN PARAGRAPHS 1 THROUGH 18 AS IF FULLY RESTATED HERE.

20. COUNT ONE. THE DELIBERATE INDIFFERENCE BY DEFENDANTS TO PLAINTIFFS SERIOUS MEDICAL NEED RESULTED IN CONTINUED PAIN, SUFFERING, AND PHYSICAL DEGRADATION OF THE PLAINTIFF'S CONDITION DEPRIVING HIM OF HIS RIGHTS UNDER DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT AND EIGHTH AMENDMENT OF THE U.S. CONSTITUTION.

21. COUNT TWO. The defendants deliberate indifference to the past, present and future substantial risk for serious harm to the plaintiff deprive him of his rights under due process of the Fourteenth Amendment and violate his Eighth Amendment right of the U.S. Constitution and have resulted in worsening real physical and emotional injury.

22. COUNT THREE. The defendants deliberate indifference to the plaintiffs deprivation of basic human needs and/or his inability to effectively perform activities of daily living deprive him of due process under the Fourteenth Amendment and violate his Eighth Amendment rights under the U.S. Constitution.

23. COUNT FOUR. The defendants deliberate indifference to the plaintiff's acute and chronic pain resulting in a likely permanent disability and present contorted posture constitute deprivation of his due process under Fourtenth Amendment and violate Eighth Amendment rights of the U.S. Constitution.

24. COUNT FIVE. DEFENDANTS DELIBERATE INDIFFERANCE IN FAILING TO INQUIRE INTO FACTS NECESSARY TO MAKE A PROFESSIONAL JUDGEMENT; INADEQUATE MEDICAL EVALUATION; AND DENIAL TO ACCESS A SPECIALIST QUALIFIED TO ADDRESS THE PLAINTIFF'S NEEDS DEPRIVE HIM OF DUE PROCESS UNDER THE FOURTENTH AMENDMENT AND VIOLATE HIS EIGTH AMENDMENT RIGHT OF THE U.S. CONSTITUTION.

## IX. EXHAUSTION

25. PLAINTIFF USED THE P.H.S. GRIEVANCE PROCEDURE AT E.C.F. TO TRY TO SOLVE THE PROBLEM. ALTHOUGH NO PRISONER GRIEVANCE PROCEDURE EXIST AT E.C.F., PLAINTIFF MADE KNOWN HIS GRIEVANCE. PLAINTIFF SUBMITTED A P.H.S. INMATE GRIEVANCE TO NURSE WELSON ON 6-11-07 ASKING TO SEE A SPECIALIST, RECEIVE PROFILES FOR WHEELCHAIR/WALKER, NO PROLONG STANDING, NO WORK, LAY-IN, AND HANDICAP SHOWER. HE SUBMITTED A FORMAL GRIEVANCE APPEAL ON 6-21-07. HE WROTE A REQUEST SLIP TO THE WARDEN ON 6-13-07 FOR HELP. HE WROTE A LETTER TO MS. RUTH NAGLICH; ASSOCIATE COMM-

10/13

issioner for Health Services for the Alabama D.O.C. about 6-19-07. He wrote Sylvia McQueen, the Southeastern Regional Medical Director for Alabama for the P.H.S., Inc. on or about 6-19-07.

26. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants declaratory and injunctive relief which plaintiff seeks.

## X. INCARCERATION STATUS

27. Plaintiff was convicted on 9-19-94 for murder and began serving a 30 year sentence on 8-26-93. Plaintiff's end of sentence (E.O.S.) is 8-24-2023.

## XI. PRAYER FOR RELIEF

Wherefore, plaintiff respectfully prays that this court enter judgement granting plaintiffs:

28. A declaration that the acts and omissions described

HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

29. ENTER JUDGEMENT IN FAVOR OF PLAINTIFF FOR NOMINAL, COMPENSATORY, AND PUNITIVE DAMAGES, AS ALLOWED BY LAW, AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY.

30. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS TO PROVIDE ADEQUATE MEANS OF MOBILITY SUCH AS WHEELCHAIR, WALKER, AND/OR CANE; ORDER PLAINTIFF TO BE EVALUATED BY A SPECIALIST, SUCH AS ORTHOPEDIST AND/OR NEUROLOGIST AND THEIR TREATMENT RECOMMENDATIONS ADHERED TOO; ORDER ALLOWING USE OF JAILHOUSE LAWYER AS NEED; AND NO RETALIATION TAKEN AGAINST PLAINTIFF; ORDER PROFILES PROVIDED FOR LAY-IN, NO WORK, DOUBLE MATRESS OR EGG CRATE, NO PROLONGED STANDING, NO LIFTING, USE OF HANDICAP SHOWER IN "OFF" (NON-BUSY) HOURS, BOTTOM-BED, SHOE INSOLES AND USE OF MOBILITY AID.

31. A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

32. Plaintiff's cost in this suit.

33. Reserve the right to alter or add to relief as circumstance alters and passage of time.

34. Any additional relief this Court deems just, proper and equitable.

## XII. AFFIRMATION/VERIFICATION

35. By my signature below, I swear under penalty of perjury that the facts set out in this complaint are true and correct.

6-24-07
DATE

*Barry R. Thomas*
PLAINTIFF, PRO SE, SIGNATURE

Respectfully submitted this 23rd day of June, 2007

*Barry R. Thomas*

Barry Randall Thomas 178628
Easterling Corr. Fac. E2-6A
200 Wallace Dr.
Clio, AL. 36017-2613

13/13



Barry Randall Thomas 178628/E2-6A
Easterling Corr. Fac.
200 Wallace Dr.
Clio AL. 36017-2613

Ms. Debra Hackett
Clerk of Courts
U.S. District Court, Middle District, N. Div.
One Church St.
Montgomery AL.
36104