In The United States District Court For The Middle District and Northern Devision In The State of Alabama

Barry Randal Thomas
Plaintiff, Pro Se

vs.

Civil Action No. 2:07CV630-MEF

Dr. Darbouze, Nurse Wilson,
Warden Davenport
Defendants

## Memorandum of Law in Support of Plaintiffs Motion for Preliminary Injunction

Plaintiff submits this memorandum of law in support of his motion for preliminary injunction.

In determining whether a preliminary injunction should issue, a court must consider whether the party seeking the injunction has demonstrated that: (1) it has a reasonable likelihood of success on it's merits of the underlying claim; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm if the injunction is denied; (4) the irreparable harm the party will suffer

without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and (5) the preliminary injunction will not harm the public interest. Ty, Inc. v. Jones Group, Inc. 237 F3d 891, 895 (7th Cir. 2001); Platinum Home Mortgage Corp. v. Platinum Fin. Group, Inc. 149 F.3d 722, 726 (7th Cir. 1998).

I. There Is A Reasonable Likelyhood That Plaintiff Will Succeed On The Merits In This Case.

The Plaintiff need only demonstrate a "better than negligible chance of succeeding". Cooper v. Salazar, 196 F3d. 809, 813 (7th Cir. 1999). An inmate must rely on prison authorities to meet his medical needs; if authorities fail to do so, those needs will not be met. Estelle v. Gamble, 429 U.S. 97, 103 (1976). The Eighth Amendment requires prison officials to protect the health and safety of inmates. A medical need is serious "when even a layperson would recongnize the necessity for a doctors attention" Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F3d, 1176, 1187 (11th Cir 1994). A

Layperson is someone who lacks medical training, such as the guards who refered the plaintiff to H.C.U.. A serious medical need exist when "the failure to treat prisoners condition could result in further significant injury or the unnecessary and wanton infliction of pain. Harreson v. Barkley, 219 F3d 132, 136 (2nd Cir. 2000); Gutierrez v. Peters, 111 F3d @ 1373; McGuckin v. Smith, 974 F.2d. 1050, 1059 (9th Cir. 1992). The plaintiff has deteriorated from a point of normal ambulation to a contorted posture; inability to ambulate, and acute and chronic pain preventing him from engaging in meaningful activities of daily living. Chance v. Armstrong, 143 F.3d 698, 702 (2 Cir. 1998). Conditions should meet an "evolving standard of decency (that is an acceptable standard of treatment and care given modern medicine, technology, and current beliefs of human decency. Trop v. Dulles, 356 U.S. 86, 101, 78 S. Ct. 590, 598, 2 L. Ed. 2d. 630 (1958). The plaintiff being carried by inmates to and from sick call, pill call, chow, and lying on the ground fall far short of decency. A prison official cannot

HIDE BEHIND AN EXCUSE THAT HE WAS UNAWARE OF A RISK, NO MATTER HOW OBVIOUS. BRICE v. VIRGINIA BEACH CORRECTIONAL CENTER, 58 F3d 101, 105. THE CAPT AND WARDEN BOTH INFERED THAT PLAINTIFF SEEK INMATE ASSISTANCE IN AMBULATING TO NECESSARY LOCATIONS, WHILE STATING THEIR REFUSAL TO ASSIGN A PERSON OR MECHANICAL AID, THUS IGNORING A SERIOUS AND SUBSTANTIAL RISK. DR. DARBOUZE HAS FAILED TO MAKE ANY DIAGNOSIS IN THE CASE AND PLAITIFF UPON INFORMATION AND BELIEF NOTES THE DOCTOR'S FREQUENT REMARK THAT "NOTHING IS WRONG" AND THAT PLAINTIFF IS "FAKING". A MEDICAL OFFICIAL WITHOUT SPECIALIZED TRAINING SHOULD NOT MAKE DECISIONS ABOUT CONDITIONS THAT REQUIRE A SPECIALIST ATTENTION. HEMMINGS v. GORCZYK, 134 F3d 104, 109 (2d CIR. 1998); INMATES OF ALLEGHENY COUNTY JAIL v. PIERCE 612 F2d, 754, 762-3 (3 CIR. 1979); LeMARBLE v. WISNESKI, 266 F3d 429, 437-39 (6th CIR. 2001); JONES v. SIMEK, 193 F3d 485, 490 (7 CIR. 1999); HOWELL v. EVANS, 922 F2d 712, 723 (11th CIR.) 931 F2d 711 (11th CIR.) (11 CIR. JUN. 24, 1991); WALDROP v. EVANS, 871 F2d 1030, 1036 (11 CIR. 1989). THE PLAINTIFF EXHIBITS WITH CLASSICAL

neurological and orthopedic symtomatology. Darbouze is neither a specialist in neurology or orthopedics. Deliberate indifferance exist when an official continues with a course of treatment " in the face of resultant pain and risk of permanent injury". <u>White v. Napolean</u>, 897 F2d 103, 109-11 (3 Cir. 1990). Every time the plaintiff presented to H.C.U. or officials he was in obvious pain and worsening condition. He also wrote and orated the same to the defendants all. A deprivation of basic human needs violates the Eighth Amendment. The plaintiff complained of missing chow, pill call and church; insomnia, bathing with dificulty and needing assistance to tie shoes at times. <u>Helling v. McKinney</u>, 509 U.S. 25, 31-32 (1993). Intentional infliction of pain, discomfort, or risk of harm violates the Eigth Amendment. <u>Hope v. Pelzer</u>, 536 U.S. 730 (2002). After plaintiff obviously needed a crutch and wheelchair and given both; both were taken away causing intentional pain. Factors that should guide analysis of 8th Amendment violations are

(1) WHETHER A REASONABLE DOCTOR OR PATIENT WOULD PERCEIVE THE MEDICAL NEED IMPORTANT AND WORTHY OF COMMENT OR TREATMENT (2) MEDICAL CONDITION AFFECTS DAILY ACTIVITIES (3) THE EXISTANCE CHRONIC AND SUBSTANTIAL PAIN. Brock v. Wright 315 F3d 158, 162 (2 CIR 2003). THE PLAINTIFF MEETS ALL THREE CRITERIA. THE EIGTH AMENDMENT IS VIOLATED WHEN FAILURE TO TREAT RESULTS IN PAIN, EVEN WITHOUT WORSENING THE PRISONERS CONDITION. Borette v. Wiscomb, 930 F2d 1150, 1154, (6 CIR 1991); Elias v. Butler, 890 F2d 1001, 1003 (8 CIR. 1989); Washington v. Dugger, 860 F2d 1018, 1021 (11 CIR. 1988); H.C. v. Jarrard, 786 F2d 1080, 1083, 1086 (11 CIR. 1986). PLAINTIFF HAS CONTINUOUS SEVERE NEUROLOGICAL PAIN AND A WORSENING CONDITION. THE PHYSICIAN MUST INQUIRE SUFFICIENTLY TO MAKE A PROFESSIONAL JUDGMENT. Miltier v. Beorn, 896 F2d 848, 853 (4 CIR 1990). PLAINTIFF REQUIRES ADITIONAL TEST FOR A DIAGNOSIS. Jackson v. Fauver, 334 F. Supp. 2d 706, 728 (D.N.J. 2004). DEFENDANTS REFUSAL TO DIAGNOSE AND TREAT THE PLAINTIFF AMOUNT TO DELIBERATE INDIFFERANCE, VIOLATING THE EIGTH AMENDMENT, THEREFORE PLAINTIFF IS

IS LIKELY TO SUCEED ON MERITS OF HIS CASE.

## II. Plaintiff Faces A Substantial Threat Of Irreparable Harm.

Irreparable harm will result without an injunction. The plaintiff is in a contorted posture, lost muscular strength and atrophied, neurological pain in back and legs, loss his ability to ambulate, cannot sit due to pain. This type neurological spinal injury will not correct itself. Without an injunction for treatment and diagnosis a likely prognosis would be deterioration to partial paralysis. Spinal cord and disc damage will likely be permanent. To move by inmates assistance and/or a mop as a crutch is likely to result in further damage. Any remedy at law for plaintiff's injuries would be inadequate. The term "inadequate" does not mean "wholly ineffectual" but "seriously deficient as a remedy for the harm suffered". Roland Mach. Co. v. Dresser Indus, Inc. 749 F2d 380, 386 (7 Cir. 1984). Here, any after the fact remedy for the serious injuries plaintiff is suffering

would be seriously defficient. <u>Jolly v. Coughlin</u>, 76 F3d 468, 482 (2 Cir. 1996), Federal Statutes and case law restrict the availability of damages. Preliminary Injunction is the appropriate mode to correct this.

III. The Threatened Harm To Plaintiff Outweighs Any Harm The Injunction May Cause Defendants.

The relief the plaintiff seeks is essentially an order compelling defendants to perform their pre-existing duties under the U.S. Constitution. <u>Farmer</u>. 511 U.S. @ 832-33. The proposed relief is narowly tailored to remedy the ongoing violation of plaintiff's constitutional rights and to prevent the occurrence of irreparable harm in the future. <u>18 U.S.C. 362 (a)</u>, It will not cause defendants any real harm.

IV. The Public Interest Will Not Be Diserved By A Grant Of A Preliminary Injunction.

Plaintiff asks preliminary injunction to protect his rights under the Eighth and Fourteenth Amendments. As a general matter, the public interest is always well served by protecting the constitutional rights of it's members. <u>Reinert</u>

v. Haas, 585 F. Supp. 477, 481 (S.D. Iowa 1984); Spartacus Youth League v. Board of Trustees, 502 F. Supp. 789, 804 (N.D. Ill. 1980) (the ultimate public interest lies in the protection of the constitutional rights asserted by plaintiff). The public interest is not served by subjecting plaintiff to a deprivation of a basic human need (medical care).

Respectfully submitted this 23rd day of June 2007,

*Barry R. Thomas*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served defendants a copy of the foregoing document by first class U.S. mail in a properly addressed envelope with adequate postage.

The individuals served are: Dr Darbouze, Nurse Wilson, Warden Davenport all of: Easterling Corr. Fac., 200 Wallace Dr., Cleo AL. 36017-2613

This 7 day of July 2007,

*Barry R. Thomas*
Plaintiff, Pro Se
Barry R. Thomas