IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARRY RANDALL THOMAS #178628, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:07-cv-630-MEF |
| | ) |
| DR. DARBOUZE, et al., | ) |
| | ) |
| Defendants. | ) |

## RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

COMES NOW Defendant Deputy Warden Carter Davenport, by and through the undersigned counsel in the above-styled action, and files his response to Plaintiff's Motion for Preliminary Injunction, pursuant to the July 12, 2007 Order of this Honorable Court.

## STATEMENT OF THE FACTS

Plaintiff is an inmate within the Alabama Department of Corrections. He is currently confined at Easterling Correctional Facility in Clio, Alabama. Plaintiff is serving a 30-year sentence for Murder.

## ARGUMENT

This Court has the discretion to grant or to deny Plaintiff's motion for preliminary injunction. *Cameron v. Campbell*, 2007 WL 1668834, (M.D. Ala. June 8, 2007), quoting *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). There are four elements that Plaintiff must demonstrate prior to the issuance of a preliminary injunction:

(1)   That there is a substantial likelihood of success on the merits;

(2)   That there is a substantial threat of irreparable injury without the injunction;

1

(3) That the harm to the plaintiff outweighs the harm to the non-moving party; and

(4) That an injunction would be in the best interest of the public.

*Cameron* at 1; citing *Palmer*, 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "'[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion' as to each of the four prerequisites." *Cameron* at 1; see *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

### Element 1 – Substantial likelihood of success on the merits

> We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference. An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation cannot under our cases be condemned as the infliction of punishment. Farmer v. Brennan, 511 U.S. 825 at 837-838 (1994) (internal citations omitted).

The United States Supreme Court, as quoted above, established that a prison official may be held liable for the deliberate indifference to an inmate's medical needs only if the official knows of and disregards that risk to the inmate's health. In the case at bar, Plaintiff has not shown that Defendant Davenport has been deliberately indifferent or disregarded Plaintiff's medical condition. The Alabama Department of Corrections contracts with Prison Health Services for medical services. Plaintiff, by his own admission in his Complaint, states that he has been allowed to go to the Healthcare Unit

2

at Easterling Correctional Facility for treatment by medical staff. (Pl. Compl. ¶12) Throughout Plaintiff's Complaint, he references several incidents when prison security staff provided assistance to Plaintiff due to his medical condition. Defendant Davenport states that he received a Request Slip from Plaintiff and referred Plaintiff to the Medical Staff. (Ex. 1 – Affidavit of Carter Davenport, Warden II) Thus, Defendant Davenport has not shown any disregard to Plaintiff and his medical condition. Therefore, there is a no substantial likelihood that Plaintiff would prevail on his claims as to Defendant Davenport.

**Other elements**

"The moving party's failure to demonstrate a 'substantial likelihood of success on the merits' may defeat the party's claim, regardless of the party's ability to establish any of the other elements." *Cameron* at 1; citing *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). Thus, Defendant Davenport should not have to defend or to justify the other elements as to a preliminary injunction. Therefore, since Plaintiff cannot prevail on the merits, this Court should not grant Plaintiff's motion for a preliminary injunction.

Wherefore these premises considered, Defendant Davenport prays that this Honorable Court will deny Plaintiff's Motion for Preliminary Injunction as to Defendant Davenport.

                    Respectfully submitted,

                    /s/TARA S. KNEE
                    TARA S. KNEE
                    ASSISTANT ATTORNEY GENERAL
                    ASSISSTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3881

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Inmate Barry Randall Thomas
AIS#178628
Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36017

/s/Tara S. Knee
Tara S. Knee
Assistant Attorney General
Assistant General Counsel

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BARRY RANDALL THOMAS, #178628 )
   Plaintiff, )
)
VS. )
) CASE NO. 2:07-CV-630-MEF
)
DR. DARBOUZE, et.al. )
   Defendant (s) )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Carter F. Davenport, who being known to me and being by me duly sworn, deposes and says under oath as follows:

My name is Carter F. Davenport, and I am presently employed as Warden II, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

I did receive a Request Slip from Inmate Barry Randall Thomas, #178628, about his medical complaint. I referred Inmate Thomas to our Medical Staff.

_____
CARTER F. DAVENPORT

SWORN TO AND SUBSCRIBED TO before me this the ___1st___ day of ___August___, 2007.

_____
NOTARY PUBLIC

My Commission Expires: ___7-11-11___

DEFENDANT'S EXHIBIT 1