IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARRY RANDALL THOMAS #178628, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:07-cv-630-MEF |
| | ) |
| DR. DARBOUZE, et al., | ) |
| | ) |
| Defendants. | ) |

## SPECIAL REPORT AND ANSWER

COMES NOW Defendant Deputy Warden Carter Davenport, by and through the undersigned counsel in the above-styled action, and files his Special Report and Answer, pursuant to the July 12, 2007 Order of this Honorable Court. Defendant states as follow:

### PLAINTIFF'S ALLEGATIONS

Plaintiff alleges deliberate indifference as to his medical care.

### DEFENDANTS

1.  Carter Davenport, Warden II
    Easterling Correctional Facility
    200 Wallace Drive
    Clio, AL 36017

### DEFENSES

Defendant asserts the following defenses to Plaintiff's claims:

1. Defendant denies each and every material allegation contained in Plaintiff's Complaint and demand strict proof thereof.

2. Defendant pleads not guilty to the charges in Plaintiff's Complaint.

3. Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. Plaintiff is not entitled to any of the relief requested.

1

5. Defendant pleads the defense of qualified immunity and avers that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by Plaintiff.

6. Defendant is entitled to qualified immunity and avers it is clear from the face of the complaint that Plaintiff has not alleged specific facts indicating that Defendant violated any clearly established constitutional right.

7. Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

8. The allegations contained in Plaintiff's Complaint against Defendant, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F. 2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, Ala., 880 F. 2d 305, 309 (11th Cir. 1989).

9. Defendant pleads all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

10. Defendant was at all times acting under the color of state law and therefore, he is entitled to substantive immunity.

11. Defendant pleads the general defense.

12. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against this Defendant would amount to mere negligence which is not recognized as a deprivation of Plaintiff's constitutional rights.

13. All claims of Plaintiff against this Defendant in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

14. Defendant pleads the affirmative defense that Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to Plaintiff.

15. Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

16. Defendant pleads the affirmative defense of unclean hands.

17. Defendant pleads the affirmative defense that Plaintiff has failed to mitigate his own damages.

18. Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

19. Defendant pleads the affirmative defense that he is not guilty of any conduct which would justify the imposition of punitive damages against him and that any such award would violate the United States Constitution.

20. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from Defendant who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

21. Plaintiff's claims are moot.

22. Defendant reserves the right to raise additional defenses.

## DISCLOSURES

In accordance with the July 12, 2007 Special Report Order, Defendant submits the following initial disclosures:

A. Attached affidavits of:

    1.    Carter Davenport, Warden II

B. The following persons may have personal knowledge of the facts relevant to the claims asserted by Plaintiff or the defenses asserted by Defendant:

    Carter Davenport, Warden II

    Ruth Naglich, Associate Commissioner of Health Services

    Lynn Brown, ADOC Regional Nurse Manager

    Barry Randall Thomas, Plaintiff

    Prison Health Services, Inc.

C. Clear and legible copies of the documents relevant to claims or defenses asserted in the action are as follows:

    2.    Inmate Summary Data

## STATEMENT OF THE FACTS

Plaintiff is an inmate within the Alabama Department of Corrections. He is currently confined at Easterling Correctional Facility in Clio, Alabama (Ex. 2). Plaintiff is serving a 30-year sentence for Murder. (Ex. 2)

## ARGUMENT

### I. Immunities

As is evident from Plaintiff's complaint, his claims are directed principally toward actions allegedly perpetrated by officials of the Alabama Department of Corrections (ADOC).

Plaintiff's complaint is vague as to the incidents that are to be associated with Defendant Davenport. There is a requirement for "heightened pleading" that attends section 1983 claims, especially those for which qualified immunity is raised as a defense. See Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). As the Eleventh Circuit has held, "[i]n civil rights and conspiracy actions, . . . more than mere conclusory notice pleading is required" and "a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). The courts "'generally accord . . . official conduct a presumption of legitimacy.'" Gonzalez, 325 F.3d at 1235 (quoting United States Dep't of State v. Ray, 502 U.S. 164, 179 (1991)).

Defendant Davenport is an official of the State of Alabama, Plaintiff's official-capacity claims must be considered to be against the State itself. This, in turn, affords Defendant Davenport Eleventh Amendment immunity; the State need not actually be named as a party for such immunity to be available. See Williams v. Bennett, 689 F.2d 1370, 1376 (11th Cir. 1982), cert. denied 464 U.S. 932 (1983). Thus, Plaintiff's federal claims for damages against Defendant Davenport in his official capacity are barred by Eleventh Amendment immunity and should be dismissed.

5

Plaintiff's state-law claims against Defendant Davenport in his official capacity are similarly barred by the State's sovereign immunity, as is bestowed by Article I, Section 14 of the Alabama Constitution of 1901. In <u>Haley v. Barbour County</u>, the Alabama Supreme Court held that "Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State." 885 So. 2d 783, 788 (Ala. 2004) (citing <u>Lyons v. River Road Constr., Inc.</u>, 858 So. 2d 257, 261 (Ala. 2003), and <u>Mitchell v. Davis</u>, 598 So. 2d 801, 806 (Ala. 1992)). Thus, Plaintiff's claims under state law for damages against Defendant Davenport in his official capacity are barred by sovereign immunity and should be dismissed.

Defendant is entitled to qualified immunity regarding the individual-capacity federal claims stated in Plaintiff's complaint. The basic test for qualified immunity was stated in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982):

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known.

457 U.S. at 818. Qualified immunity bars claims "so long as [the defendant's] actions could reasonably have been thought consistent with the rights they are alleged to have violated." <u>Anderson v. Creighton</u>, 483 U.S. 635, 638 (1987). Further, qualified immunity is not just a bar to damages; it is a bar to suit. <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985). Even allegations of animus by a state actor against a plaintiff are not sufficient to overcome the presumption of qualified immunity. <u>See Hansen v. Soldenwagner</u>, 19 F.3d 573, 578 (11th Cir. 1994) (stating that "[f]or qualified immunity purposes, the subjective motivation of the defendant-official is immaterial"). Also, in

6

Gardner v. Howard, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." (Citing Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

The justification for qualified immunity is that such immunity is necessary in order for the government to effectively function. If not for the protections immunity provides, state officials could be subject to suit for every move they make. This action would have a serious chilling effect on the ability of such officials to do their jobs. In sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. Mitchell, 472 U.S. at 525-26; see also Hunter v. Bryant, 502 U.S. 224, 229 (1991); Burrell v. Bd. of Trustees of Ga. Military College, 970 F.2d 785, 794 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1983).

In the present case, Defendant Davenport denies that he violated any clearly established right of Plaintiff. As such, it is incumbent upon Plaintiff to show that Defendant Davenport violated "clearly established constitutional law" in their dealings with Plaintiff. See Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983) (holding that it is a plaintiff's burden to rebut a defendant's qualified immunity defense). This, however, has not been demonstrated by Plaintiff. Because Plaintiff cannot demonstrate that any of his clearly established constitutional rights have been infringed, qualified immunity bars his attempt to impose liability on Defendant Davenport. Therefore, Plaintiff's federal claims against Defendant Davenport in his individual capacity should be dismissed.

In Ex parte Butts, 775 So. 2d 173 (Ala. 2000), the Alabama Supreme Court adopted a test that was first set out in its plurality opinion in Ex parte Cranman, 792 So. 2d 392 (Ala. 2000), for evaluating whether a state official sued in his individual capacity is entitled to immunity as an agent of the State. Though distinct from a qualified immunity analysis under federal law, State-agent immunity similarly shields state officials from liability while they are discharging their duties in good faith. In this case, Defendant Davenport's alleged actions clearly fall within the protection of State-agent immunity under Alabama law. See Butts, 775 So. 2d at 177-78 ("A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's . . . exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners").

Defendant Davenport can only be divested of State-agent immunity upon a showing that they acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law. Butts, 775 So. 2d at 177-78; Ryan v. Hayes, 831 So. 2d 21, 28 (Ala. 2002). Moreover, it is Plaintiff's burden to make such a showing. Ryan, 831 So. 2d at 27-28; see also Giambrone v. Douglas, 874 So. 2d 1046, 1052 (Ala. 2003) (holding that, once it is shown that a state agent was undertaking a discretionary function, the burden shifts to the plaintiff to disprove the defendant's entitlement to immunity).

Plaintiff simply cannot carry the burden of proof in this case. As argued herein, Plaintiff has not bothered to state with any particularity what Defendant Davenport did to become a defendant in this lawsuit. Consequently, it is inconceivable that Plaintiff could marshal the evidence needed to defeat State-agent immunity.

## II. Duties

The courts have continuously recognized that the operation of correctional institutions are, at best, a difficult assignment and that correctional officials must be given broad range in discretion and latitude in which to carry out their duties. See Hewitt v. Helms, 459 U.S. 460 (1983). "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979), Sims v. Mashburn, 25 F. 3d 980 (11th Cir. 1994).

Plaintiff alleges a claim for deliberate indifference. There is a two part analysis that governs an Eighth Amendment challenge to conditions of confinement; first a prisoner must prove that the conditions that he complains of is sufficiently serious to violate Eighth Amendment, and second, under the "subjective component" the prisoner must show that the defendant prison officials acted with sufficiently culpable state of mind with regard to the condition at issue. Severe discomfort is insufficient to establish the objective component. Chandler v. Crosby, 17 Fla. L. Weekly Fed. C. 891 (11th CA 2004). Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). Specifically, a prisoner must prove "a serious medical need" or the denial of "the minimal civilized measure of life's necessities." Chandler, 379 F.3d at 1289-1290; (other citations omitted). "The challenged prison condition must be 'extreme'" and must pose "an unreasonable risk of serious damage to his future health." Chandler, 379 F.3d at 1289-90 (quoting *Hudson*, 503 U.S. at 9) (other citation omitted). Under the

subjective component, the prisoner must prove that the prison official acted with "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 837 (1994) (stating that an individual may be held liable under the Eighth Amendment only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); Hudson, 503 U.S. at 8; Wilson v. Seiter, 501 U.S. 294 (1991). To prove deliberate indifference, the prisoner must show that the defendant prison official "'acted with a sufficiently culpable state of mind' " with regard to the serious prison condition or serious medical need in issue. Chandler, 379 F.3d at 1289-1290 (quoting Hudson, 503 U.S. at 8). Negligence or even gross negligence does not satisfy this standard. Id.; Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir.1996). Plaintiff has not and cannot support such claim. Plaintiff admits that he has been by medical staff. (Pl. Compl.) Defendant Davenport does not make medical decisions. The request slip that Defendant received from Plaintiff was reviewed and Plaintiff was referred to the medical staff. (Ex. 1) Therefore, the deliberate indifference claim should be dismissed.

Wherefore these premises considered, Defendant Davenport prays that this Honorable Court will find that Plaintiff is not entitled to any relief and this complaint should be dismissed.

Respectfully submitted,

/s/TARA S. KNEE
TARA S. KNEE
ASSISTANT ATTORNEY GENERAL
ASSISSTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3881

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Inmate Barry Randall Thomas
AIS#178628
Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36017

/s/Tara S. Knee
Tara S. Knee
Assistant Attorney General
Assistant General Counsel

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARRY RANDALL THOMAS, #178628<br>Plaintiff,<br><br>VS.<br><br>DR. DARBOUZE, et.al.<br>Defendant (s) | )<br>)<br>)<br>)<br>)   CASE NO. 2:07-CV-630-MEF<br>)<br>)<br>) |

### AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared <u>Carter F. Davenport</u>, who being known to me and being by me duly sworn, deposes and says under oath as follows:

My name is <u>Carter F. Davenport</u>, and I am presently employed as <u>Warden II</u>, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

I did receive a Request Slip from Inmate Barry Randall Thomas, #178628, about his medical complaint. I referred Inmate Thomas to our Medical Staff.

_____
CARTER F. DAVENPORT


SWORN TO AND SUBSCRIBED TO before me this the ____1st____ day of
____August____, 2007.

_____
NOTARY PUBLIC

My Commission Expires: ___7-11-11___

DEFENDANT'S
EXHIBIT
1

```
                          DISPLAY INMATE SUMMARY DATA      ** PRODUCTION **
  06/AUG/2007      12:35:35       CDSUM      499     L-TARA       CDSUM01     604
---------------------------------------------------------------------------------
AIS: 00178628R   INMATE: THOMAS, BARRY RANDALL          RACE: W  SEX:  M

INST: 041-EASTERLING CORRECTIONAL CENTER JAIL CR: 0389D DOB: 11/20/1966
SSN: 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 PAR CONS DT: 03/2009   CURR CUST: MED9  CURR CUST DT:09/29/1994
ALIAS:                                  ALIAS:
ADM TP: NEW COMIT FROM CRT W/O REV OF   STATUS: NEW COMIT FROM CRT W/O REV OF
INIT SENT DT:09/19/1994 ADM DT: 09/19/1994 DEAD TIME: 00Y 00M 00D
                                   N                                        TY
COUNTY      SENT DT    CASE     L  CRIME                         TERM       PE
BLOUNT      09/19/1994 000214  Y  MURDER                       30Y00M00D    CS




                    NO MORE RCDS THIS TYPE AVAIL
INMATE HAS 000DISCIPLINARIES RESULTING IN LOSS OF 000Y00M00D OF GOOD TIME.
INMATE HAS 012TRANSFER RECORDS ON FILE.
INMATE HAS 00 DETAINER/WARRANT RECORDS ON FILE.
 TOTAL  TERM   REV GOOD TIME  MIN REL DT   TOT GOOD TIME  SHORT DATE   LONG DATE
 030Y 00M 00D  000Y 00M 00D   08/24/2023   000Y 00M 00D   08/24/2023   08/24/2023
```

DEFENDANT'S EXHIBIT 2