IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BARRY RANDALL THOMAS, #178628,  )
                                )
    Plaintiff,                  )
                                )
  v.                            )   CIVIL ACTION NO. 2:07-CV-630-MEF
                                )              [WO]
                                )
DR. DARBOUZE, et al.,           )
                                )
    Defendants.                 )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Barry Randall Thomas ["Thomas"], a state inmate currently incarcerated at the Easterling Correctional Facility, challenges the constitutionality of medical treatment provided to him for back pain. On July 10, 2007, Thomas filed a motion for preliminary injunction in which he seeks "an adequate means of aide to mobility (such as a wheelchair, walker, and/or cane); to have plaintiff evaluated by a specialist and his treatment adhered too; issue profiles as need[ed]; permit jailhouse lawyer assistance and no retaliation." *Court Doc. No. 3* at 3.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Thomas demonstrates the

following: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury to Thomas outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would be in the public interest. *Palmer,* 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II. DISCUSSION

In his motion for preliminary injunction, Thomas challenges the medical treatment provided to him at the Easterling Correctional Facility for "classical neurological and orthopedic symtomatology." *Plaintiff's Brief in Support of Motion for Preliminary Injunction - Court Doc. No. 4* at 4-5. Pursuant to the orders of this court, the defendants filed responses and probative evidentiary materials which refute the plaintiff's allegations. Specifically, the defendants maintain that Thomas has received continued and appropriate treatment for his complaints regarding back pain and maintain that referral to a free-world specialist is not warranted. *Affidavit of Dr. Jean Darbouze - Court Doc. No. 20-2* at 3-11.

In addressing the allegations before this court, Dr. Darbouze notes that Thomas first complained of back pain in January of 1995. Medical personnel evaluated Thomas and noted he "likely pulled a muscle in his back." *Id.* at 3. Thomas received pain medication and muscle relaxers at this time. *Id.* Although Thomas filed several sick call request forms thereafter, he "did not mention any complaints of back pain for over ten (10) years, i.e. between January 19, 1995, and November 12, 2005." *Id.* In his affidavit, Dr. Darbouze sets forth a detailed account of the medical treatment provided to Thomas for his most recent complaints of back pain. The medical records filed by the defendants support this account. The aforementioned evidentiary materials demonstrate that medical personnel examined Thomas each time he sought treatment for back pain, evaluated his complaints and responded to his numerous requests for

treatment. These materials likewise establish that Dr. Darbouze provided Thomas medical profiles to alleviate his discomfort and ordered Thomas' placement in medical observation on more than one occasion to facilitate further evaluation his condition. Medical personnel also prescribed various medications, including pain relievers, muscle relaxers, anti-inflammatories and analgesic cream, in response to the plaintiff's complaints and provided crutches to Thomas. Dr. Darbouze referred Thomas for x-rays on several occasions which consistently revealed proper alignment of the vertebrae and "no evidence of any fracture or any destructive bone disease." *Affidavit of Dr. Jean Darbouze - Court Doc. No. 20-2* at 4. Although the most recent x-ray performed on July 2, 2007 "revealed 'slight scoliosis' of Mr. Thomas's spine, the radiologist reviewing the x-ray results determined that there was no 'disk space narrowing' or 'evidence of recent fracture or other significant bony abnormality.' Based upon the findings of this x-ray [when compared with his previous x-rays], it remains possible that Mr. Thomas eschewed the results of this x-ray...." *Id*. at 10.

   Dr. Darbouze further states that his examinations of Thomas "only revealed continuing muscle tenderness in [plaintiff's] lower back.... [Thomas] did not demonstrate any tenderness in any bony section of his spine, only complaining of tenderness in the muscular section of his lower back. At the conclusion of the June 8, 2007, examination, I concluded that there was no specific cause of Mr. Thomas's continued back pain other than muscular tenderness." *Id*. at 7. In sum, Dr. Darbouze

4

maintains that "[b]ased upon the numerous examinations of Mr. Thomas, the various diagnostic and imaging testing completed regarding [plaintiff's] complaints of back pain, I remain confident that his back pain is muscular in origin.  My examinations of Mr. Thomas have not revealed any skeletal or neurological problems which would indicate that his back pain is caused by a malformation or disease of his spine.  At present, the only objective medical findings available to us constitute Mr. Thomas's x-ray results.  These x-ray results have been persistently normal, though the most recent results indicate some 'slight' scoliosis which would not result in the type of pain described by Mr. Thomas....  ***  I do not believe that there are any additional diagnostic or imaging tests which would be beneficial to Mr. Thomas at this time.  Likewise, I am not aware of any additional medical treatment of any kind that may be provided by any other physician or specialist which would remedy Mr. Thomas's discomfort.  My examinations of him have confirmed my conclusion that his pain is primarily, if not entirely, muscular in nature." *Id*. at 10-11.

      Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Thomas has proven a substantial likelihood of success on the merits.  Having reviewed Thomas' request for preliminary injunctive relief and the probative evidentiary materials filed by the defendants, the court concludes that Thomas has failed to carry his burden.  Other than self-serving, conclusory allegations of a constitutional violation, Thomas presents no proof or objective evidence that the

actions about which he complains violated or are now violating his constitutional rights. Essentially, the court has nothing other than Thomas' mere conclusions of law and unsupported factual allegations as to whether the medical treatment challenged in his motion for preliminary injunction ran afoul of the Constitution. Thomas has therefore failed to establish a substantial likelihood of success on the merits.

Thomas also fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. As noted, Thomas provides no proof or objective evidence in support of his allegations concerning the actions about which he complains. The third factor, balancing potential harm to the parties, is basically a neutral factor at this juncture. Finally, the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest. Thus, Thomas has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on July 10, 2007 (Court Doc. No. 3) be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before September 4, 2007 the parties may file objections

to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 23rd day of August, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE